IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| *AUTOMATED SOLUTIONS CORPORATION*, **Plaintiff** | ) | MISC 05 -128 ML |
| | ) | CASE NO. 1:05 CV 1519 |
| *vs.* | ) | JUDGE LESLEY WELLS |
| *PARAGON DATA SYSTEMS INC.*, **Defendant** | ) | |

**DEFENDANT, PARAGON DATA SYSTEMS, INC.'S, MOTION FOR PROTECTIVE ORDER AND/OR STAY RESPONSE TO SUBPOENA DUCES TECUM**

Automated Software Corporation ("ASC") has served a subpoena, attached as Exhibit A, from this Court, to collect discovery for a case pending in another District Court. The documents sought by the subpoena include confidential business information and trade secrets that could permit ASC to gain an unfair marketplace advantage over Defendant, Paragon Data Systems, Inc. ("Paragon"). Accordingly, because ASC and Paragon are direct competitors, who sell similar products to an identical market segment, the production of documents pursuant to this subpoena is a sensitive matter, and should be regulated by this Court.

**A. Subpoena Response Should Be Stayed**

As a threshold matter, the confidentiality of documents and information produced in this litigation is the subject of cross-motions for protective order, currently pending before Judge Wells in the District Court where this matter was filed. Because the resolution of these cross-motions will significantly affect the scope and methods of permissible discovery in the current dispute, arising out

of an out-of-District subpoena, this Court should enter an Order staying any response to the subpoena until Judge Wells rules on the parties' pending motions.

Should this Court decline to stay this matter until Judge Wells' decision, Paragon is entitled to a protective order that limits the disclosure of documents and information pursuant to the challenged subpoena.

**B. Discovery Should be Limited to Topics Relevant to the Parties' Dispute**

The challenged subpoena requests documents that are irrelevant to the parties' dispute in Ohio. For instance, "proposals" as identified in paragraph 5 of the subpoena will include pricing information, which is highly confidential and has no relevance to ASC's claim that Paragon's software was improperly authored. Similarly, "documents ... supplied by the Providence Journal to [Paragon]," paragraph 12, "test documentation," paragraph 13, "promotional material," paragraph 18, and other categories of documents requested by the subpoena are so unrelated to the parties' Ohio dispute that they could not reasonably lead to the discovery of admissible evidence.

Accordingly, pursuant to Civ.R. 26(c)(1), this Court should review the Journal's potentially responsive documents, and order that only those documents reasonably related to the parties' pleadings in the Ohio matter be produced to ASC. For documents responsive to ASC's broad subpoena, but unrelated to the parties' claims and defenses in Ohio, this Court should order that the discovery not be had.

**C. Documents Should be Produced in a Secure Fashion**

As to the documents that are relevant to the parties' dispute, Paragon respectfully requests that they be produced under a protective order that prevents their dissemination to ASC, and limits their production only to ASC's outside litigation counsel. Further, especially sensitive documents should be produced under "secure" conditions, to prevent unauthorized copying and disclosure.

Limiting the production of confidential material to "attorney's eyes only" is a commonplace practice in litigation between direct competitors. *Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 n.24 (discussing attorney-only designation for "confidential commercial information" and listing cases) (1979); *Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80 (S.D.Ohio 1981) (permitting designation for outside counsel only); *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350-51 (D.C.Cir. 1980) (limiting "competitively sensitive" information to outside counsel); *Chesa International, Ltd. v. Fashion Associates, Inc.*, 425 F. Supp. 234, 237 (S.D.N.Y.) (same), *aff'd mem.*, 573 F.2d 1288 (2d Cir. 1977).

Accordingly, to protect Paragon's "confidential research, development or commercial information" from disclosure to their direct competitor, pursuant to Civ.R. 26(c)(7), this Court should permit Paragon's counsel to review the documents and things responsive to the subpoena before their production to ASC, and designate materials they deem sensitive as "confidential," and restrict their dissemination to ASC's outside counsel and expert witnesses.

In fact, ASC has requested that the Court where the case is pending, the U.S. District Court for the Northern District of Ohio, permit Paragon to designate <u>its own</u> sensitive documents as "attorneys' eyes only," limited to outside litigation counsel. *See* Exhibit B, Plaintiff's Motion for Protective Order Governing Disclosure of Confidential Information. This same protection should extend to documents produced by third parties, such as the witness subpoenaed in this District.

Beyond the designation of sensitive information for "attorneys' eyes only," Paragon should also be permitted to designate especially sensitive information, such as pricing data and computer object and source code, for "secure" production, which prevents their copying and requires that any review be conducted at the office of Paragon's counsel. Because electronic copying of source code is easy and untraceable, several courts have entered protective orders intended to prevent the reasonable

risk of electronic copying. For instance, this restriction was deemed "reasonable" in *GM Network Ltd. v. E-Gold Ltd.*, 2002 U.S. Dist LEXIS 9957 (S.D.N.Y.), attached as Exhibit C, and similar restrictions were ordered in *Dynamic Microprocessor Assocs. v. EKD Computer Sales*, 919 F. Supp. 101 (E.D.N.Y. 1996) (requiring logs of all source code review be kept, limiting access to counsel and experts, and ordering that "a single written copy" of the source code, not susceptible to electronic copying, should be maintained in secure surroundings). In light of the risk that Paragon's computer software, which has significant commercial value, could be disseminated through electronic copying, this Court's order should include provisions to sufficiently protect electronic copying of the source code. The provisions suggested in Paragon's proposed confidentiality order, preventing electronic copying of software and providing for its production and review only at the offices of Paragon's counsel, would adequately satisfy these concerns.

For the reasons discussed above, Paragon respectfully requests that this Court enter the proposed protective order governing the disclosure of confidential information, attached as Exhibit D.

Respectfully submitted,

Defendant
By its attorney,

Joseph J. Reale, Jr.-#3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: October 18, 2005

## CERTIFICATE OF SERVICE

To:

Drew A. Carson, Esq.
David A. Kunselman, Esq.
GOODWIN WEISS MILLER LLP
100 Erieview Plaza 27th Floor
Cleveland, Ohio 44114

James F. Koehler, Esq.
Timothy J. Fitzgerald, Esq.
George H. Carr, Esq.
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

I hereby certify I caused to be served on the above-named counsel of record a true copy of the within Motion on October 18, 2005.