EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| AUTOMATED SOLUTIONS CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>PARAGON DATA SYSTEMS, INC.<br><br>Defendant. | CASE NO. 1:05-CV-1519<br><br>JUDGE LESLIE BROOKS WELLS<br><br>**PLAINTIFF AUTOMATED SOLUTIONS CORPORATION'S NOTICE OF REQUEST FOR DOCUMENTS FROM NON-PARTY WITNESS THE PROVIDENCE JOURNAL COMPANY** |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Plaintiff Automated Solutions Corporation ("Automated") will inspect and copy the documents that are in the possession, custody, and control of non-party The Providence Journal Company as set forth in the exhibit annexed hereto as **Exhibit 1**.

Said production will take place on October 20, 2005, at 9:00 A.M. at the offices of Hughes Legal Support, 7 Eva Lane, Cranston, RI 02921, or such other location as is mutually acceptable to the non-party and Automated's counsel. This production is pursuant to the subpoena *duces tecum* issued by Automated's counsel on behalf of the United States District Court, requesting a "document only" production. No testimony is required by the subpoena, and no one need appear at this time.

PLEASE TAKE FURTHER NOTICE that the non-party witness may be held in contempt of Court pursuant to Fed. R. Civ. P. 45(e) if it fails, without adequate excuse, to obey the subpoena served upon it, and it has certain legal rights in response to Automated's subpoena

as provided in Fed. R. Civ. P. 45 (d) and (e). These rights are reproduced in full at the bottom of side two of the subpoena served.

Dated: October 4, 2005

Respectfully submitted,

DREW A. CARSON (0037641)
DAVID A. KUNSELMAN (0073980)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
carson@goodmanweissmiller.com
kunselman@goodmanweissmiller.com

**Counsel for Plaintiff**
**Automated Solutions Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, a copy of Plaintiff Automated Solutions Corporation's Notice of Request for Documents from Non-Party Witness The Providence Journal Company was served via fax to:

**Counsel for Defendant:**

George Carr
James F. Koehler
Timothy J. Fitzgerald
GALLAGHER SHARP
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115

DAVID A. KUNSELMAN (0073980)

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

**Automated Solutions Corporation**

V.

**Paragon Data Systems, Inc.**

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **1:05cv1519**

**United States District Court**
**Northern District of Ohio**

TO: **The Providence Journal Company**
**75 Fountain Street**
**Providence, RI 02902**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

**See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Hughes Legal Support, 7 Eva Lane, Cranston, RI 02921**<br>**Telephone 1-800-783-7690** | **9:00 a.m., October 20, 2005** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David A. Kunselman, Attorney for Plaintiff (0073980) | October 4, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**David A. Kunselman, Esq., Goodman Weiss Miller LLP, 100 Erieview Plaza, 27th Fl., Cleveland, OH 44114**
**(216) 696-3366**

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT
1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________________

DATE SIGNATURE OF SERVER

______________________________

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**(Documents Requested)**

**INSTRUCTIONS**

1. This Subpoena *Duces Tecum* calls for production of documents in the possession, custody, or control of The Providence Journal Company (aka The Providence Journal Co.), Belo Corp., and any of its/their subsidiaries, shareholders, affiliates, representatives, predecessors, attorneys, insurers, agents, shareholders, officers, directors, employees, and/or divisions thereof (collectively, "The Providence Journal").

2. The Providence Journal shall produce a copy of each document requested, as well as any drafts, revisions, or copies of the same which bear any mark or notation not present on the original or which otherwise differ from the original.

3. This Subpoena *Duces Tecum* calls for the production of each requested document in its entirety, including all attachments.

4. As to any documents requested which are withheld on grounds of attorney-client privilege or work product, The Providence Journal shall identify in writing: the paragraph or subparagraph to which the document is responsive; the specific objection being asserted as a ground for non-production; the author(s); addressee(s), recipient(s), date, and subject matter.

**DEFINITIONS**

1. The term "document" is used herein in its broadest sense and, without limitation, means any original writing or other data compilation, regardless of origin, location or form, including, but not limited to, any agenda, agreement, announcement, book, brochure, bulletin,

cable, calendar or calendar entry, chart, check, communication, contract, correspondence, data processing card, floppy or compact disc or printout, diagram, diary or diary entry, facsimile, file or program maintained on a computer hard drive, PDA device, tablet PC, handheld computer, Blackberry, Trēo or other smart phone device, e-mail, instant message, film, governmental or departmental order or regulation, graph, handwritten or stenographic note (including, but not limited to, any marginal notation), index, instruction, invoice, letter, mailgram, manual, map, memorandum, microfiche, microfilm, minutes, notice, order, outline, pamphlet, periodical, photograph or any negative thereof, picture, record, report, schedule, screen-shot, statement, study, summary, table, tape recordings, telegram, telephone log or record, telecopy, teletype, telex, videotape, or working paper, or any draft or revision of any such original writing or data compilation, or any copy or reproduction of any of the foregoing which differs in any respect from the original, draft or revision, and any other document as defined in Rule 34 of the Ohio Rules of Civil Procedure. In all instances, where an original, draft, revision, or non-identical copy or reproduction is not available, "document" also means any identical copy of the original, draft, revision, or non-identical copy of the original, draft, revision, or non-identical copy or reproduction.

2. The terms "pertain," "refer," and "relate" mean, in addition to their usual or customary meanings, discuss or discussing, refer or referring, reflect or reflecting, assess or assessing.

3. "Documents showing" means, in addition to its usual and customary meaning, documents tending to show, relating to, or evidencing the matter being discussed.

4. The term "Software" means software allegedly developed or owned, in part or whole, directly or indirectly, by Defendant as a newspaper delivery route management solution including, but not limited to, software that Defendant has marketed, advertised, or promoted under any one or more of the following names: "SCDS," "Single Copy Distribution System," "Single Copy Delivery System," "DRACI," "D.R.A.C.I.," "Delivery, Return, and Collection Information," "SCSE," and/or "Single Copy Sales Enhancer."

5. The term "Defendant" means Paragon Data Systems, Inc. and/or any of its subsidiaries, shareholders, affiliates, representatives, predecessors, attorneys, insurers, agents, officers, directors, employees, and/or divisions thereof.

6. The term "Automated" means Automated Solutions Corporation and/or any of its subsidiaries, shareholders, affiliates, representatives, predecessors, attorneys, insurers, agents, officers, directors, employees, and/or divisions thereof.

**DOCUMENTS TO BE PRODUCED**

1. Any and all correspondence, facsimiles, e-mails, and other forms of written and electronic communications to Defendant from The Providence Journal, to The Providence Journal from Defendant, or on which Defendant was copied, during the period January 1, 2000 to the present.

2. Any and all documents that pertain, refer, or relate to Automated.

3. A hard and electronic copy of the Software source code, object code, and any component thereof.

4. A handheld unit running the Software for inspection.

5. Any and all agreements, contracts, letters of intent, and proposals by and between The Providence Journal and Defendant.

6. Any and all documents that pertain, refer, or relate to hardware used in connection with the Software or any component thereof.

7. Any and all statement(s) of work and requirements documents provided by Defendant to The Providence Journal.

8. Any and all installation and training guides and manuals for the hardware used in connection with the Software or any component thereof.

9. Any and all users' guides and other technical manuals that pertain, refer, or relate to the Software and any component thereof.

10. Any and all users' guides and other technical manuals that pertain, refer, or relate to hardware used in connection with the Software, and any component thereof.

11. Any and all support agreements and contracts that pertain, refer, or relate to the Software or any component thereof.

12. Any and all statement(s) of work and/or requirements documents for the hardware supplied by The Providence Journal to Defendant, directly or indirectly, that pertain, refer, or relate to the Software.

13. Any and all test documentation for the hardware provided or supplied by Defendant, directly or indirectly, that pertains, refers, or relates to the Software.

14. Any and all acceptance documents and/or documents approving deliverables provided, directly or indirectly, by The Providence Journal to Defendant.

15. Any and all checklists that pertain, refer, or relate to the Software and hardware used in connection with the Software.

16. Any and all documents showing payments made, directly or indirectly, by The Providence Journal to Defendant that pertain, refer, or relate to the Software or hardware used in connection with the Software.

17. Any and all screen-shots of the Software and any component thereof.

18. Any and all marketing, advertisement, and promotional material that pertains, refers, or relates to the Software and any component thereof.

19. Any and all documents that contain a reference to the computer and/or server path "S:\Sales\Larry\" including, but not limited to, all subdirectories thereunder.