**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, | ) | CASE NO. 1:05-CV-01519 |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| PARAGON DATA SYSTEMS, INC., | ) | **PROTECTIVE ORDER** |
| Defendant. | ) | |

The Court, having considered this matter and approved this Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c), HEREBY ORDERS, ADJUDGES AND DECREES as follows:

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this proceeding:

1. "Confidential Information" means any type of information, document, or tangible object, including, but not limited to, photographs and videotape recordings, designated in good faith as confidential by the supplying party, whether it be a tangible thing, a document, information contained in a document, information revealed during a deposition or during an inspection of the facilities of the parties, information revealed in an interrogatory answer, or other discovery.

2. "Qualified Persons" means:

a. Attorneys and their law firms of record in this action and any associated counsel, and stenographic, clerical, or paralegal employees of those attorneys and counsel to whom it is necessary that information be disclosed for purposes of this action.

b. Independent experts employed by a party or its attorneys of record in this action who agree in writing to be bound by the terms of the Protective Order. The independent expert must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A** attached hereto.

c. Officers or employees designated specifically by each party in good faith as necessary to receive designated information, and who agree, in writing, to be bound by the terms of this Protective Order. The officers or employees must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A**, attached hereto.

d. Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties or who, by agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A**, attached hereto.

3. A copy of the signed Confidentiality Agreement must be delivered to the other parties at least seven (7) days before disclosure of any Confidential Information is made to the person signing the Confidentiality Agreement. During that seven day period, if any party objects in writing to the disclosure of Confidential Information to the person or entity having signed the Confidentiality Agreement, no Confidential Information shall be disclosed to that person or entity until any and all such objections have been resolved in writing, by the parties or the Court.

4. Documents and things produced which contain Confidential Information shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows: "CONFIDENTIAL." Parties may also designate documents and things containing Confidential Information as "ATTORNEY EYES ONLY" or "EXPERT EYES ONLY" in addition to "CONFIDENTIAL."

5. In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

6. Any information designated as Confidential Information shall not be made available by the party receiving it to any persons or entities other than Qualified Person(s), except when disclosure is required by law or the information is otherwise available to the public or is disclosed by a third party who has a lawful right to disclose the same.

a. Information designated "ATTORNEY EYES ONLY" shall not be made available to any persons or entities, including Qualified Persons, except persons described in 2(a) above.

b. Information designated "EXPERT EYES ONLY" shall not be made available to any persons or entities, including Qualified Persons, except persons described in 2(b) above.

c. Information designated "SECURE" shall not be made available to any person except in secure fashion, where the producing party maintains the Confidential Information at the offices of its own counsel, and permits review of that Confidential Information only at the offices of its counsel, under supervision to insure that no electronic copying of such Confidential Information occurs. Manual copying of "SECURE" information is permitted only in connection with note taking and personal observations. If "SECURE" information is needed for a deposition or trial, the producing party shall prepare copies of the requested documents or portions of documents for production at deposition or trial.

7. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party or its counsel for the purposes of this action may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions of this Order. Within ten (10) working days after receiving a hard copy of the deposition transcript, the testifying witness, or counsel the party claiming confidentiality, may designate particular testimony as "CONFIDENTIAL" by notifying all parties in writing of the same, and thereafter, the parties shall treat such testimony as having been designated as Confidential Information. The parties shall maintain all deposition testimony as Confidential Information for at least the above-mentioned ten (10) day period for designating particular testimony as "CONFIDENTIAL."

8. A party designating information as "CONFIDENTIAL" has the affirmative obligation to do so in the good-faith belief that such information is entitled to protection from disclosure.

9. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court. The party seeking to protect information shall have the burden of proving the appropriateness of the level of protection sought. All parties shall continue to treat any information designated as "CONFIDENTIAL" consistent with the terms of this Protective Order pending a ruling on any

challenge to such a designation and until such designation is altered or amended by Order of this Court or agreement of the parties.

10. The other party shall not use any information designated as "CONFIDENTIAL" for any purpose other than in connection with this action.

11. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "CONFIDENTIAL" consents, in writing, to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

12. If a party wishes to file with the Court any information or documents which the other party has designated as "CONFIDENTIAL," such materials or information shall be filed under seal in a sealed envelope that shall contain on the front of such envelope the caption of this case and a statement indicating that the filing is under seal pursuant to this Order. This paragraph shall not apply to the use of any confidential materials at trial, although either party may seek a further order of this Court with regard to such issues if appropriate.

13. Notwithstanding anything to the contrary contained in this Order, the obligations of secrecy, confidentiality, non-disclosure, and non-use on the part of either party shall not apply to information which:

a. Is already in the unrestricted and rightful possession of the non-designating party or in the public domain at the time of receipt; or

b. Becomes public knowledge after receipt through no fault of the non-designating party, the non-designating party's counsel, or any expert or consultant retained by the non-designating party; or

c. Is transmitted to the non-designating party by a third party having no obligation to the designating party.

14. Not later than thirty (30) days after the final termination of this action by this Court, the attorneys for each party shall obtain leave of Court if they wish to retain any documents stamped "CONFIDENTIAL" or that contain Confidential Information; otherwise, any documents containing Confidential Information shall be destroyed, and the fact of their destruction shall be certified by affidavit of counsel within ten (10) days after their destruction.

15. Not later than one hundred and twenty (120) days after the conclusion of this action, including appeal, by entry of a final order, any originals or reproductions of any documents designated as "CONFIDENTIAL" shall be returned to the designating party, and certified by affidavit of counsel as complete, or destroyed by the receiving party, whichever the designating party so designates. In the event the designating party does not designate which it prefers, the documents shall be destroyed by the receiving party, and the fact of such destruction shall be certified by affidavit of counsel within ten (10) days after their destruction. The provisions of this Paragraph do not apply to one archival copy of pleadings, testimony transcripts, or exhibits, although any such documents retained must be kept confidential by counsel in perpetuity.

16. The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation shall not be an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

17. The inadvertent, unauthorized disclosure of Confidential Information in this lawsuit shall not be a waiver of a subsequent claim of protected treatment under this Protective

Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents.

18. In the event of an inadvertent, unauthorized disclosure of a party's Confidential Information, counsel for the party making the inadvertent disclosure shall, upon learning of the disclosure:

a. Promptly notify the person to whom the disclosure was made that it contains Confidential Information subject to the Protective Order;

b. Promptly make all reasonable efforts to obtain the return of and preclude dissemination of or use of the Confidential Information by the person to whom disclosure was inadvertently made; and

c. Within five (5) days, notify the designating party's counsel of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

19. This Stipulated Protective Order shall not prevent or prejudice any party from agreeing with the other party to a modification of this Stipulated Protective Order.

20. Nothing in the Protective Order shall be construed to restrict a party's use of its own Confidential Information.

21. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification of this Order.

**APPROVED AND SO ORDERED** this ________________, 2005.

______________________________
JUDGE:

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS | ) | CASE NO. 1:05-cv-01519 |
| CORPORATION, | ) | - |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | **CONFIDENTIALITY AGREEMENT** |
| PARAGON DATA SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

I, ____________________ declare under penalty of perjury that:

1. My address is ________________________________ and the address of my present employer is ________________________________.

2. My present occupation or job description is _________________.

3. I have received a copy of the Stipulated Protective Order entered in this action.

4. I have read and understood the provisions of the Stipulated Protective Order and agree to be bound by them.

5. I agree that I will return all Confidential Information (as that term is defined in the Stipulated Protective Order) disclosed to me during the course of the proceedings to counsel for the party by whom I am retained upon the termination of the proceedings or the request of said counsel.

Dated:_______________ ____________________________________
(Signature)