UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, Plaintiff, | ) | CASE NO. MC 05-128ML |
| | ) | JUDGE MARY LISI<br>Magistrate Judge David L. Martin |
| v. | ) | [Related Case Pending in the United States District Court for the Northern District of Ohio Case No. 1:05-CV-01519 Judge Leslie Brooks Wells] |
| PARAGON DATA SYSTEMS, INC., Defendant. | ) | |

**OBJECTION OF PLAINTIFF AUTOMATED SOLUTIONS CORPORATION TO MOTION OF DEFENDANT PARAGON DATA SYSTEMS, INC. FOR PROTECTIVE ORDER AND/OR STAY RESPONSE TO SUBPOENA DUCES TECUM**

For the reasons set forth in the accompanying Memorandum of Law, herein incorporated, Plaintiff Automated Solutions Corporation respectfully requests that this Honorable Court deny Defendant Paragon Data Systems, Inc.'s Motion for Protective Order and/or Stay Response to Subpoena Duces Tecum.

Plaintiff,
By its attorney,

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 1, 2005

# CERTIFICATION

Joseph J. Reale, Jr., Esq.
JOSEPH J. REALE, JR., LTD.
30 Kennedy Plaza, Suite 400
Providence, Rhode Island 02903

I hereby certify I caused to be mailed, U.S. mail, first-class, postage prepaid, to the above-named counsel of record a copy of the within Objection on the 1st day of November, 2005.

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 1, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AUTOMATED SOLUTIONS CORPORATION, Plaintiff, | CASE NO. MC 05-128ML |
| | JUDGE MARY LISI<br>Magistrate Judge David L. Martin |
| v. | [Related Case Pending in the United States District Court for the Northern District of Ohio Case No. 1:05-CV-01519 Judge Leslie Brooks Wells] |
| PARAGON DATA SYSTEMS, INC., Defendant. | |

**MEMORANDUM OF LAW OF PLAINTIFF IN SUPPORT OF ITS OBJECTION TO MOTION OF DEFENDANT FOR PROTECTIVE ORDER AND/OR STAY RESPONSE TO SUBPOENA DUCES TECUM**

The filing made in this Court by Defendant Paragon Data Systems, Inc. ("Paragon") follows a pattern of litigation conduct intended to obfuscate the facts and delay discovery of the operative facts of this case.[1] Automated alleges in this lawsuit that Paragon has and continues to copy, sell, license, monetize, and market unlawfully to the newspaper industry a newspaper delivery management software system that Automated federally registered with the U.S. Copyright Office (the "Software") and exclusively owns.[2] Automated developed the Software.[3]

[1] Paragon's litigation conduct is the subject of a Motion made by Plaintiff Automated Solutions Corporations ("Automated") under Fed. R. Civ. P. 11 currently pending in the Northern District of Ohio.

[2] The system is also known as a "SCDS," "Single Copy Distribution System," and "Single Copy Delivery System," names assigned to the system during Automated's original development of the system for the Chicago Tribune.

[3] Automated is a developer of custom software employed by businesses primarily for the purpose of information management and systems integration. Paragon primarily provides hardware employed in barcode data collection systems.

The Software at issue was formerly subject to a Joint Ownership and Development Agreement between the parties (the "Contract"). Paragon received an in-process version of the Software while the parties' Contract was still in effect. Paragon terminated the Contract without cause and claimed exclusive ownership rights to the Software based on spurious claims that Automated had breached the Contract.

The parties tried the issue of present ownership rights to the Software in the Cuyahoga County, Ohio, Court of Common Pleas, Case No. CV-03-511012. That Court issued orders, on February 2 and February 14, 2005, declaring Automated the sole owner of the Software (*see* Exhibits A and B attached). On February 25, 2005, Automated obtained federally-registered copyrights to the Software. Upon information and belief that Paragon continued to market, sell, license, and otherwise monetize the Software after the Ohio state court's orders, Automated initiated this action. For these and other grounds, Automated has brought claims against Paragon for copyright infringement, for violation of the Lanham Act, and for breach of contract, conversion, unjust enrichment, unfair competition, and tortious interference with business relations (*see* Automated's First Amended Complaint, Exhibit C attached).

**Brief Summary of Negotiations Regarding**
**Entry of Stipulated Protective Order**
**Governing Disclosure of Confidential Information**

Shortly after its initiation of this action, on May 10, 2005, Automated proposed to Paragon to stipulate to a protective order governing disclosure of confidential information in this case. Paragon failed to respond to the proposal until July 25, 2005, over two months later, and requested that the protective order contain provisions for designating information "for attorneys' eyes only," "for expert's eyes only," and "secure" – the latter provision requiring that any information designated "secure" may not be copied, and permitting review of any information so designated only in the office of counsel for the producing party. On July 28, 2005, Automated agreed to accept provisions "for attorneys' and expert's eyes only," provided that information designated "for expert's eyes only" was also accessible to the parties' outside counsel, and provided that information designated "for attorneys' or expert's eyes only" be limited to information constituting a trade secret under Ohio law. On August 2, 2005, Paragon rejected Automated's proposed compromise.

Unable to obtain any compromise from Paragon, on August 3, 2005, Automated filed a motion for entry of a protective order reflecting the offer of compromise Automated made to Paragon on July 28, 2005. On August 17, 2005, Paragon filed an opposition to Automated's motion and a cross-motion for entry of a protective order containing provisions "for attorneys' eyes and expert's eyes only," and a "secure" provision, without any limitation on the information a party may designate under these categories, and including a provision that information designated "for expert's eyes only" cannot be reviewed by the parties' outside counsel.

Following the filing of the parties' cross-motions for entry of a protective order, Automated again attempted to reach a compromise and offered to agree to provisions "for attorneys' eyes and expert's eyes only" (provided information designated "for expert's eyes only"

may also be reviewed by the parties' outside counsel) without any limitation on what information a party may so designate. In consideration for this further offer of compromise, Automated asked Paragon to drop its request that information designated "secure" may only be reviewed in the office of the producing party's counsel. Automated did agree, however, to include a "secure" provision, provided the provision only restricted the copying of information designated "secure."

The only remaining "issue" between the parties with respect to the terms of the entry of a protective order concerns Paragon's demand for an onerous, burdensome, and wholly-unnecessary "secure" provision requiring counsel and experts to review information designated "secure" in the offices of the producing party's counsel. Inclusion of provisions for designating information "for attorneys' or expert's eyes only," and a provision prohibiting copying information designated "secure," fully meets the parties' interests in restricting a direct competitor's access to proprietary information.

**Inclusion of a "Secure" Provision as Proposed by Paragon Would Inhibit and Prevent Discovery of the Operative Facts of the Case**

Discovery is to be a mechanism for the ascertainment of truth and for the purpose of promoting either a fair settlement or a fair trial. See *Trading Technologies International, Inc. v. eSpeed, Inc.*, 2005 U.S. Dist. LEXIS 10686 (N.D. Ill. Apr. 28, 2005).

Automated has hired an expert consultant to analyze and compare Paragon's code against Automated's code to determine whether Paragon has infringed Automated's work. It would be impossible for the expert consultant to do this under Paragon's proposed "secure" provision – which would only authorize the expert consultant to review code produced by the Providence Journal at Paragon's counsel's office. The expert consultant has pre-existing software that will assist in the comparison of Paragon's code to Automated's code to determine whether there has been an infringement by Paragon (*see* Declaration of Automated's expert consultant at ¶ 9). The

expert consultant cannot install those tools on another computer because the license limits the use of those tools solely on the expert consultant's computer (*Id.*). The expert consultant also needs to reassemble the software provided from source code (human readable code written in a programming language) to object/executable code (version that is not human readable, but capable of actually running on the computer) in order to ensure that the source code produced matches the executable code that Paragon is currently marketing to the newspaper industry (*Id.*). The pre-existing software tools that the expert consult has on his computer to do this are not likely compatible with the operating system that Paragon's counsel would provide for review at its office (*Id.*). Finally, it would be extremely burdensome – if not impossible – for the expert consultant to relocate his computer system to Paragon's counsel's office each time that there is a need for him to review the code in connection with the case.

Paragon's "secure" provision would also unduly burden the discovery process for the following reasons:

- Automated's counsel and its expert would have to coordinate with Paragon's counsel to come to mutually agreeable times every time that they needed to review Paragon's code, which would unfairly preclude any work after hours or on the weekends.

- The presence of Paragon's counsel or third parties during Automated's review of the code at Paragon's counsel's office would prohibit the free flow of communications to/from Automated's counsel and its expert consultant, which communications are privileged.

- Paragon's counsel could track whatever steps Automated's counsel and its expert take in their review of the code/software on its system and improperly use that to learn Automated's trial strategy and Automated's counsel's work product.

- Finally, Automated's counsel has agreed in writing to treat all information produced by the Providence Journal on an attorneys' eyes and expert's eyes only basis (*see* Exhibit D, e-mail communications between counsel). Also, software/code produced by the Providence Journal would remain in the hands of Automated's counsel and its independent expert under Automated's proposed protective order. There is no evidence that would

> suggest that code/software provided by the Providence Journal in such a manner would not be adequately protected against disclosure to employees or principals of Automated.[4]

Moreover, the Second Circuit cases cited by Paragon in support of its demand for a "secure" provision, requiring review of information designated "secure" at the producing party's office, are not applicable here, because the parties in those cases stipulated to that level of protection, and the magistrates merely enforced the parties' agreement. Federal courts have repeatedly held that protective orders "must be drawn as narrowly and precisely as possible" to avoid interfering with the rights of parties to a fair trial. *See*, *e.g.*, *In re Upjohn Company Antibiotic Cleocin Products Liability Litigation*, 81 F.R.D. 482 (E.D. Mich. 1979). Moreover, Automated has agreed to include a provision in the protective order prohibiting copying of "secure" documents. This provides sufficient protection of any allegedly "secure" material. *See, e.g., Trading Technologies International, Inc. v. eSpeed, Inc.*, 2005 U.S. Dist. LEXIS 10686 (N.D. Ill. Apr. 28, 2005) (In infringement case, Defendant ordered to produce to Plaintiff's counsel working copies of software that Defendant previously made available solely at its counsel's office. Plaintiff's counsel had a right to review the software free from Defendant's counsel's supervision; protective order entered in case was sufficient to ensure that the code was not disclosed to plaintiffs or third parties); *Cf. Computer Teaching Corporation v. Courseware Applications, Inc.* (4th App. Dist. 1990), 199 Ill. App. 3d 154 (Court of Appeals affirmed Trial Court in ordering production of all documents relating to design and development of software

---

[4] In addition, the subpoena was served on the Providence Journal, which has not objected to the subpoena or moved for a protective order. To the extent that Paragon has standing to move for a protective order for documents requested from a third party, Paragon has not provided any evidence that it has maintained the confidential nature of the documents in the hands of the Providence Journal – a third party. Absent such evidence, Paragon could never satisfy its burden of showing good cause for an onerous, extraordinary protective order containing a "secure" provision that would limit review of "secure" documents solely at its counsel's office.

program and any forerunner thereof subject only to a protective order prohibiting disclosure to third parties) (applying analogous Illinois Rules of Civil Procedure).

As importantly, Paragon's Motion should be denied for its failure to certify that it has made a good faith effort to confer with affected parties to resolve the dispute without Court action. *See* Fed. R. Civ. P. 26(c). This procedural defect – in and of itself – requires the Court to deny Paragon's Motion. *Id.*

**Paragon's Relevancy Objections Have No Merit**

The Federal Rules of Civil Procedure authorize broad discovery regarding any matter relevant to the subject matter involved in the pending action. *United States v. Leggett & Platt*, 542 F.2d 655, 657 (6th Cir. 1976). Automated has asserted claims against Paragon for (1) breach of contract, (2) conversion, (3) interference with existing and prospective business relationships, (4) unjust enrichment, (5) unfair competition, and (6) for injunctive relief. These claims are all based on the factual assertion that Paragon improperly used Automated's software and promotional material and that Paragon has used Automated's intellectual property to under-price Automated in the marketplace. As a result of this, Automated has sought monetary damages, an accounting, and injunctive relief. The pricing information, documents supplied by the Providence Journal to Paragon, test documentation, and promotional material all directly relate, and are relevant to, Automated's claims that Paragon did not independently develop its software, improperly copied Automated's software, and is improperly under-pricing Automated. The documents also are relevant to establish the full extent of damages suffered by Automated.

The self-serving statements of Paragon's counsel that such items are not relevant and highly confidential are incorrect and insufficient to support a motion for a protective order. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *see also* 6-26 *Moore's Federal Practice – Civil* § 26.102 ("Conclusory or speculative statements about the need for a

protective order and the harm that would be suffered without one are insufficient.... The demonstration of facts should be made by affidavits from knowledgeable persons.").

Since all of the topics identified in Automated's subpoena are relevant to the parties' dispute, and because Paragon has not met its burden of demonstrating good cause for limiting Automated's subpoena – there is no need for this Court to inject itself into the discovery process to review the Providence Journal's production.

## CONCLUSION

Prior to Paragon's filing of this motion, counsel for Automated agreed to maintain any documents produced in response to the subpoena served on The Providence Journal on an "attorneys' eyes only and expert's eyes only" basis, pending entry of a protective order in this case in the Northern District of Ohio (*see* Exhibit D). Automated respectfully submits that there is no sound basis to delay Automated's expert's review of the Software Paragon sold to The Providence Journal. Accordingly, Automated respectfully requests that the Court deny Paragon's Motion for Protective Order and/or Stay Response to Subpoena Duces Tecum.

In the alternative, Automated respectfully requests the Court to enter the Protective Order attached hereto as Exhibit E, and order the documents produced pursuant to its terms. This protective order (1) includes provisions for designating information "for attorneys' eyes or expert's eyes only"; (2) provides that any information designated "for expert eyes only" is also available to outside counsel; and (3) includes a "secure" provision requiring a party to refrain from any copying, including electronic copying, of any information so designated. Moreover, this protective order places no restriction on what information may be designated under these provisions, while also providing a protocol for challenging a party's designation. This protective order fully meets the parties' mutual desire to restrict some information produced in discovery from disclosure to a direct competitor.

Plaintiff,
By its attorney,

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 1, 2005

**CERTIFICATION**

Joseph J. Reale, Jr., Esq.
JOSEPH J. REALE, JR., LTD.
30 Kennedy Plaza, Suite 400
Providence, Rhode Island 02903

I hereby certify I caused to be mailed, U.S. mail, first-class, postage prepaid, to the above-named counsel of record a copy of the within Objection on the 1st day of November, 2005.

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 1, 2005