UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AUTOMATED SOLUTIONS CORPORATION, :
Plaintiff, :
:
v. : MC 05-128 ML
:
PARAGON DATA SYSTEMS, INC., :
Defendant. :

**ORDER**
**CONTINUING HEARING**
**TO NOVEMBER 16, 2005**

On November 3, 2005, the court conducted a hearing on Defendant, Paragon Data Systems, Inc.'s, Motion for Protective Order and/or Stay Response to Subpoena Duces Tecum ("Motion"). The Motion seeks either a protective order or a stay with reference to the production of documents from a non-party, the Providence Journal Company (the "Providence Journal"), pursuant to a subpoena dated October 4, 2005, which Plaintiff has caused to be served upon the Providence Journal. See Motion at 1-2; id., Exhibit ("Ex.") A (Subpoena) at 4.

During the course of the hearing, the court learned that some of the subpoenaed documents (which appeared to be the source of the greatest disagreement relative to the terms of a protective order), including "the Software source code,"[1] were not in the possession of the Providence Journal. This caused the court to consider whether, if Defendant were given the opportunity to review the documents pertaining to Defendant which the Providence Journal intended to produce pursuant to the subpoena, Defendant might: a) conclude that there was no need for a protective order and withdraw the Motion, or b) be able to

---

[1] Motion, Ex. A (Subpoena).

reach an agreement with Plaintiff relative to the terms of a protective order which would apply to the documents which will be produced by the Providence Journal.[2] After hearing from all counsel, including counsel for the Providence Journal, the court made the following ruling.

The hearing on the Motion is continued to Wednesday, November 16, 2005, at 10:00 a.m. In the meantime:

1. Counsel for the Providence Journal shall:

a. promptly provide to counsel for Defendant copies of the documents which the Providence Journal has determined are responsive to the subpoena and which pertain[3] to Defendant;

b. promptly provide to counsel for Plaintiff copies of the documents which the Providence Journal has determined are responsive to the subpoena and which pertain to Plaintiff.[4]

2. After counsel for Defendant and Plaintiff have reviewed their respective documents, they shall confer and determine whether either Defendant or Plaintiff desires that a protective order be entered as to some or all of the documents. If either party desires a protective order, counsel shall attempt to agree

[2] The court understands that Defendant's preference is for this matter to be stayed pending a decision by the federal court in Ohio as to whether Defendant's or Plaintiff's proposed protective order should be adopted. While this court has not ruled out a stay, it deems it advisable to first explore alternative means of resolving the instant matter.

[3] By "pertain to" in this subparagraph the court means documents exchanged or transmitted between Defendant and the Providence Journal or which are related to such documents.

[4] By "pertain to" in this subparagraph the court means documents exchanged or transmitted between Plaintiff and the Providence Journal or which are related to such documents.

upon the terms of such an order.[5] If counsel for Defendant and Plaintiff are unable to agree, they shall each file not later than November 14, 2005, a brief supplemental memorandum (no more than five pages and preferably less) which:

a. identifies the type of document(s) as to which counsel are unable to reach agreement regarding the terms of a protective order;

b. explains the disagreement regarding the terms of the protective order as it pertains to each type of document(s);

c. explains why the terms of the protective order proposed by counsel should be adopted and why the terms of the protective order proposed by the opposing party should not.

If there is any document which either counsel believes should not be produced and which the court should exclude from production, counsel shall identify the type of document and briefly state the basis for the objection to its production. It is not necessary for counsel to repeat arguments previously made.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
November 4, 2005

BY ORDER:

Deputy Clerk

---

[5] The court recognizes that to date the parties have been unable to agree upon the terms of a protective order which would apply to all documents being produced in the case. However, the parties are directed to confer and determine whether an agreement can be reached regarding the documents which will be produced by the Providence Journal (even if an agreement cannot be reached as to other documents in the case).