UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, Plaintiff, | ) | CASE NO. MC 05-128ML |
| | ) | JUDGE MARY LISI<br>Magistrate Judge David L. Martin |
| v. | ) | [Related Case Pending in the United States District Court for the Northern District of Ohio Case No. 1:05-CV-01519 Judge Leslie Brooks Wells] |
| PARAGON DATA SYSTEMS, INC., Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND/OR STAY RESPONSE TO SUBPOENA DUCES TECUM**

In violation of both the spirit and letter of this Court's "Order Continuing Hearing to November 16, 2005" ("Order"), counsel for Defendant Paragon Data Systems, Inc. ("Paragon") made no attempt to confer with counsel for Plaintiff Automated Solutions Corporation ("Automated") following the hearing of November 3, 2005. In compliance with this Court's request, counsel for the Providence Journal ("the Journal") provided Paragon's counsel with the documents which pertained to Paragon immediately following the hearing. A full week passed without Paragon's counsel making any attempt to contact Automated's counsel.[1] Finally, last Friday morning, Automated's counsel delivered an email message to Paragon's counsel inquiring whether it would be necessary to return to Rhode Island to continue the hearing on Paragon's Motion (*see* Exhibit A, attached).

**Summary of Negotiations**

Paragon's counsel called Automated's counsel in response to the email and advised Automated's counsel that Paragon, with respect to "some" of the documents which pertain to Paragon, still demanded a protective order which restricted counsel's and experts' access to discoverable information to review in Paragon's counsel's offices with no right to copy the

[1] Paragon carries the burden as the moving party. Moreover, as fully discussed below, documents which "pertain to Plaintiffs," as defined by the Order, are not responsive to Automated's subpoena served on the Journal or otherwise related to any of Paragon's claims or defenses in this action. Automated is not seeking at this time any protective order from this Court relating to documents pertaining to Automated, as those documents are not presently the subject of any subpoena served on the Journal.

information. In an effort to narrow the issue in dispute, Automated's counsel inquired of Paragon's counsel whether what his client actually sought was an order restricting Automated's counsel's access to discoverable information, even as it relates to the conduct of this case. Despite the other considerable burden such a restriction would impose, Automated's counsel explained to Paragon's counsel that he was simply not capable of reviewing discoverable information in the offices of Paragon's counsel, committing it to memory, and then, based solely on memory, using the information in any meaningful manner in the conduct of this case. Counsel for Automated then politely explained that imposing such a restriction on a party's counsel's (or a party's expert's) access to discoverable information violated basic tenants of due process and just wasn't consistent with the conduct of commercial litigation in this country. Businesses cannot maintain a complete blanket of confidentiality over information once that information is subject to discovery – the Court and the parties may, however, place reasonable restrictions on access to the information in order to protect the producing party from competitive injury. Automated's proposed protective order contains provisions for designating information "for attorney's eyes only," or "expert's eyes only," and a "secure" provision prohibiting copying of any information so designated, except in relation to this case. Moreover, Automated's proposed protective order (while providing a protocol to present to the Court any challenges to the appropriateness of a "designation") places no restriction on what information a party may initially designate "confidential," "for attorney's eyes only," "expert eyes only," or "secure." Last, but not least, Automated's counsel politely explained that Paragon could cite to no case where a court had imposed such a protective order absent the parties' agreement, and that, moreover, Automated had cited to cases in its Objection to Paragon's Motion where courts refused to impose such a restriction, even where a party's software was at issue (*see* Automated's Objection, pp. 6-7). Paragon's counsel refused to compromise, and, most significantly, in response to a direct question, Paragon's counsel confirmed the purpose of the "secure" provision demanded by Paragon was indeed to restrict Automated's counsel's access to discoverable information. This statement was directly contrary to express representations to this Court and the District Court in Ohio that the purpose of the provision was to protect some information Paragon deemed confidential from a business competitor.

Automated's counsel requested that Paragon's counsel discuss the issue again with his client. Counsel spoke again on Friday afternoon, and Paragon's counsel announced for the first time that Paragon objected to the production of some documents 'having nothing to do with the newspaper industry' on relevancy grounds. Automated's counsel stated that Paragon had not

previously made any such objection, and considered it waived. Paragon's counsel rudely raised his voice and tried to claim his objection appeared in Paragon's Motion. Automated's counsel politely quoted from Paragon's Motion. The only relevance objection raised in the Motion is to the production of (1) documents supplied by the Journal to Paragon, (2) test documentation, and (3) promotional material, on the basis that these documents are not related to Automated's claim that Paragon's software was improperly authored (*see* Paragon's Motion, p. 2). Also, Automated's counsel politely pointed out that Paragon's Motion provided no explanation as to why these categories of documents are not related to Automated's claim and/or they could not reasonably lead to the discovery of admissible evidence. Thereupon, Paragon's counsel rudely hung up the phone. No further discussions took place.

## Documents Pertaining to Paragon Not Subject to Automated's Subpoena to the Journal and Otherwise Not Subject to Discovery in this Action

Automated's subpoena to the Journal includes a request for "[a]ny and all documents that pertain, refer, or relate to Automated." Counsel for Automated explained to the Journal's counsel that this request is intended to cover any documents reflecting communications between the Journal and Paragon pertaining to Automated (relevant to Automated's copyright infringement, Lanham Act, and tortious interference with business claims). Automated's counsel further explained that documents provided by Automated to the Journal (whether or not relevant) were available to Automated's counsel from his client and that Automated did not require the Journal's production of those documents to Automated's counsel.

Simply, Automated's copyrighted software is publicly available and available to Paragon from Automated itself. Paragon's asserted defense in this case is that Paragon independently developed the newspaper distribution management system Paragon is marketing. The only software relevant to the dispute is Automated's copyrighted software and the software Paragon claims it independently developed. Paragon has previously attempted to subpoena software code customized by Automated for use by the Chicago Tribune, all documents related to its development, and all communications between Automated and its customer, the Chicago Tribune. Paragon has no ownership interest or cognizable claims related to software Automated is marketing to its customers. The Northern District Court in Illinois agreed and granted Automated's Motion to Quash Paragon's subpoena served on the Chicago Tribune (*see* Exhibit B, copy of Order of the Northern District of Illinois granting Automated's Motion to Quash).

## This Court Should Deny Paragon's Motion for Failure to Meet Its Burdens and Award Automated its Fees and Costs Incurred Opposing the Motion

What has now become patently obvious is the fact that prior to filing Paragon's Motion, its counsel undertook no independent effort to obtain from his client and review documents exchanged between his client and the Journal. Both Automated and the Court learned for the first time at the November 3, 2005 hearing that no software code was subject to Paragon's Motion. During negotiations held pursuant to this Court's order, Automated learned for the first time that Paragon intends to assert a relevancy objection with respect to some documents 'having nothing to do with the newspaper industry' (whatever that means).[2] It is obvious that Paragon's counsel undertook no review of these documents until provided copies by the Journal – which the Journal graciously agreed to do at the Court's request. It wasn't the Journal's obligation to assist Paragon's counsel in the performance of his job. Paragon filed a Motion for Protective Order in this Court without having undertaken any effort to review the documents Paragon seeks to be governed under its proposed "secure" provision. Due to its lack of diligence, Paragon has caused Automated to conduct research and now draft two memoranda, retain out-of-state local counsel, and incur the costs of its counsel traveling out of state twice to appear before this Court and defend against a fully-unsupported motion.

## CONCLUSION

Based on the foregoing, Automated respectfully requests the Court to:

1. deny Paragon's Motion for failure to meet its burden to establish grounds for the relief requested from this Court; or, alternatively

2. order the Journal to produce to Automated documents pertaining to Paragon only pursuant to the terms of Automated's proposed protective order (*see* Exhibit E to Automated's Objection to Paragon's Motion); and

3. award Automated its reasonable fees and costs incurred in opposing Paragon's Motion.

---

[2] If these documents have nothing to do with the newspaper industry, why were they provided to the Journal? Moreover, this is a meritless objection, as Automated's copyrighted software, while marketed to the newspaper industry, has features potentially applicable to other markets.

Plaintiff,
By its attorney,

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 14, 2005

Drew A. Carson (Ohio Bar #0037641)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
Tel: (216) 696-3366
Fax: (216) 363-5835

**CERTIFICATION**

Joseph J. Reale, Jr., Esq.
JOSEPH J. REALE, JR., LTD.
30 Kennedy Plaza, Suite 400
Providence, Rhode Island 02903
(Also by Hand Delivery)

James F. Koehler, Esq.
Timothy J. Fitzgerald, Esq.
GALLAGHER, SHARP, FULTON & NORMAN
Seventh Floor
Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

I hereby certify I caused to be sent by facsimile transmission to the above-named counsel of record a copy of the within Supplemental Memorandum on the 14th day of November, 2005.

George E. Lieberman (#3860)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1327
Fax: (401) 456-1210

Dated: November 14, 2005