**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ***AUTOMATED SOLUTIONS CORPORATION*,** **Plaintiff** | ) | |
| *vs.* | ) | **Case No. MC05-128ML**<br>**Judge Mary Lisi**<br>**Magistrate Judge David L. Martin** |
| ***PARAGON DATA SYSTEMS INC.*,** **Defendant** | ) | |

**[Related Case Pending in the United States District Court for the Northern District of Ohio, Eastern Division, Case No. 1:05CV1519, Judge Leslie Wells]**

**DEFENDANT PARAGON DATA SYSTEMS, INC.'S SUPPLEMENT TO THE MOTION FOR A PROTECTIVE ORDER**

NOW COMES Defendant Paragon Data Systems, Inc. ("Paragon"), by and through its undersigned counsel, and hereby submits its supplemental memorandum to this Honorable Court in preparation for the hearing on November 16, 2005 relating to Paragon's pending Motion for Protective Order and/or Stay Response to Subpoena Duces Tecum:

On November 4, 2005, pursuant to this Court's order, [Dk. # 13], counsel for Defendant Paragon Data System, Inc. ("Paragon") received a packet of documents responsive to the subpoena duces tecum which was served upon non-party The Providence Journal Company ("Providence Journal") by Plaintiff Automated Solutions Corp. ("Automated Solutions"). The packet of documents produced by the Providence Journal consists of 87 total pages.[1] A description of the documents is contained with the log attached hereto as Exhibit A. This log reflects the documents at issue to the pending motion for protective order and the level of the protective order sought.

[1] The first page was the enclosure letter of counsel for the Providence Journal, Kristin Rodgers, to counsel for Paragon, Joseph Reale. The next eight pages of the packet were the subpoena duces tecum served upon the Providence Journal. These 9 pages are not at issue in these proceedings.

Subsequent to review of those documents, counsel for Paragon and Automated Solutions conferred about a possible resolution of the issues raised in Paragon's pending motion for protective order.[2] After several telephone conversations on November 11, 2005, it became apparent that a resolution would not be possible.

**Description of Documents Which Paragon Seeks Some Protection:**

As reflected on attached Exhibit A, Paragon seeks a protective order from the Court as to the following categories of documents: powerpoint presentations, price quotes and proposals made to the Providence Journal that reflect proprietary business information that Paragon does not want revealed to a competitor like Automated Solutions. Paragon seeks a protective order that would allow for the designation of these documents as "Attorney's Eyes Only" in accordance with the protective order proposed by Paragon.

**Description of Information Which Paragon Does Not Want Disclosed to Automated Solutions or its Counsel:**

Paragon seeks an order from the court that the names and telephone numbers of 4 references listed in the e-mails dated July 14, 2005, not be disclosed to Automated Solutions or its counsel. These names appear on the documents with bates numbers PJC0053, PJC0060-0061, and PJC0060-0061. Paragon would propose that the court review these 5 pages in camera to verify that the names references have nothing to do with the newspaper industry. The dispute in this case, as framed by Automated Solutions in its own Memorandum of Law opposing Paragon's Motion for Protective Order, involves the allegation "that Paragon has and continues to copy, sell, license, monetize, and market unlawfully to the newspaper industry a newspaper delivery management software system that

[2] Paragon's counsel was in the Fifth Circuit Court of Appeals in Houston, Texas on Monday, November 7, and Tuesday, November 8, for oral argument in the case of Alice Higgins, et al. v. Baskin Robbins USA Co., et al., Case No. 04-40496.

Automated federally registered with the U.S. Copyright Office (the "Software") and exclusively owns." [Dk. #5 - ASC's Memo. at p. 1 (emphasis added).]

Since the names of the four references identified on PJC0053, PJC0060-0061, and PJC0060-0061, they have no relevance to the dispute and are thus irrelevant and discovery should not be permitted. See, *Novartis Pharmaceuticals Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 394 (D.C. Del. 2002)(in patent infringement case, motion to compel denied and protective order granted on relevancy grounds prohibiting plaintiff from obtaining discovery relating to defendant's other business pursuits).

**Documents Provided by the Providence Journal to Counsel for Automated Solutions Per this Court's Order Should be Ordered Produced.**

During the hearing on November 3, 2005, counsel for ASC tried to argue for a limit on the production by the Providence Journal so that any documents which may have originated with or by ASC or been submitted to ASC by the Providence Journal did not need to be produced. The court expressly rejected this argument and ordered that the documents be produced. And well they should be. Paragraph 2 of the subpoena duces tecum commands the Providence Journal to produce "[a]ny and all documents that pertain, refer, or relate to Automated." Paragraph 2 of the "Definitions" section provides that "[t]he terms 'pertain,' 'refer,' and 'relate' mean, in addition to their usual or customary meanings, discuss or discussing, refer or referring, reflect or reflecting, assess or assessing." Moreover, Paragraph 4 provides that "[t]he term 'Software' means software allegedly developed <u>or</u> owned, in part or whole, directly or indirectly, by Defendant as a newspaper delivery route management solution * * *." The subpoena duces tecum seeks several categories of documents that involve the Software.

Moreover, Paragon has a counterclaim pending against Automated Solutions that alleges tortious interference by Automated Solutions. The documents in the possession of the Providence

Journal received from and exchanged with Automated Solutions relate directly to this claim. Since receiving the documents from the Providence Journal per this court's order, no motion for protective order has been sought by Automated Solutions in regard to any documents or information that would be in the possession of the Providence Journal so the complete file as segregated by the Providence Journal can and should be ordered produced without any restriction.

Respectfully submitted,

**JOSEPH J. REALE, JR. (3158)**
JOSEPH J. REALE, JR., LTD.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917
E-mail: reale@conversent.net

**JAMES F. KOEHLER (0007904)**
**TIMOTHY J. FITZGERALD (0042374)**
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Telephone - (216) 241-5310
Facsimile - (216) 241-1608
jkoehler@gallaghersharp.com
tfitzgerald@gallaghersharp.com

Attorneys for Defendant Paragon Data Systems, Inc.

## CERTIFICATE OF SERVICE

To:

**VIA FACSIMILE ONLY: 456-1210**

George E. Lieberman, Esq.
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903

**VIA FACSIMILE ONLY: 216-363-5835**

Drew A. Carson, Esq.
Goodman Weiss Miller LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882

A copy of the foregoing Defendant Paragon Data Systems, Inc.'s Supplement To the Motion for a Protective Order was sent via facsimile on the 15th day of November 2005 to the above-named counsel of record.

Attorneys for Plaintiff, Automated Solutions Corporation

/s/ Timothy J. Fitzgerald

**JAMES F. KOEHLER (0007904)**
**TIMOTHY J. FITZGERALD (0042374)**
GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Telephone - (216) 241-5310
Facsimile - (216) 241-1608
jkoehler@gallaghersharp.com
tfitzgerald@gallaghersharp.com