UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, Plaintiff, | : | |
| v. | : | MC 05-128 ML |
| PARAGON DATA SYSTEMS, INC., Defendant. | : | |

**ORDER**
**DENYING MOTION FOR PROTECTIVE ORDER**

On November 16, 2005, the court conducted a further hearing on Defendant, Paragon Data Systems, Inc.'s, Motion for Protective Order and/or Stay Response to Subpoena Duces Tecum ("Motion"). The court noted that Defendant had submitted a log of the documents in the possession of the Providence Journal Company which were responsive to the subpoena dated October 4, 2005 ("Subpoena") and which pertained to Defendant. See Defendant Paragon Data Systems, Inc.'s Supplement to the Motion for a Protective Order (Document ("Doc.") #17) ("Defendant's Supp."), Exhibit ("Ex.") A (Log of Providence Journal Documents). The log indicates the level of protective order Defendant seeks as to each of the documents. Those levels are either: "none," "attorney's eyes only," or "redact names/telephone numbers of the 4 references on [Bates Number]." Id., Ex. A at 1. Counsel agreed that as to the designation "attorney's eyes only" there was no difference in the level of protection provided by Plaintiff's proposed protective order and Defendant's proposed protective order.

The court then reviewed the documents as to which Defendant sought to redact names and telephone numbers. After listening to further argument regarding the information sought to be redacted, the court concluded that it fell within the scope of Fed. R. Civ.

P. 26(b)(1).[1] The court reasoned that the names which were provided as references could be the source of information regarding additional entities to whom Defendant had marketed the software (or derivatives thereof) which has given rise to the instant action. The fact that the references may not be connected to the newspaper business, as Defendant argued, was not in the court's mind determinative. The original software which the parties agreed to market and license is used by both the newspaper and the magazine industries. See Complaint ¶ 15.[2] Additionally, the court does not read Plaintiff's Complaint as necessarily limiting its claim of harm resulting from Defendant's alleged wrongful actions only to those two industries. See, e.g., id. ¶ 31.

The court also attached significant weight to the fact that the information sought to be withheld from Plaintiff could not in any sense be considered a trade secret the disclosure of which would result in substantial harm to Defendant. Defendant's articulated concern that Plaintiff will contact the references and intimidate them or disparage Defendant can be addressed by means other than a total denial of information to Plaintiff. The

---

[1] Fed. R. Civ. P. 26(b)(1) provides in relevant part:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. **Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**

Fed. R. Civ. P. 26(b)(1) (bold added).

[2] The Complaint is pending in the Northern District of Ohio, Case No. 1:05-CV-01519.

court cautioned Plaintiff against such improper activity and stated that Defendant could bring to the court's attention any violation of the court's admonition.

Accordingly, for the reasons stated above, the court DENIED the Motion. The documents identified in the subpoena, except for those which "pertain, refer, or relate to Automated,"[3] Subpoena, Ex. A at 3, shall be produced subject to the terms of the protective order which the court is entering this date[4] and which is attached to this Order.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 16, 2005

BY ORDER:

Deputy Clerk

---

[3] At the November 16, 2005, hearing counsel for Plaintiff stated that he was withdrawing that portion of the Subpoena which sought documents "that pertain, refer, or relate to Automated." Subpoena, Ex. A at 3. After considering this statement, the court allowed Plaintiff to do so.

Defendant was advised that it could serve its own subpoena on the Providence Journal Company for the production of these documents. If Plaintiff objects to their production, it may file a motion for protective order.

In an attempt to avoid another hearing, the court instructed counsel to confer and attempt to reach agreement regarding the production of the documents which pertain to Plaintiff. Counsel were directed to ensure that all of their communications with each other are courteous and respectful and that their filings are drafted in such a manner. Counsel for Plaintiff shall attach to the memorandum filed in support of any motion for a protective order a log of the documents for which protection is sought (similar to the log which Defendant filed with Defendant's Supp. relative to the instant Motion).

[4] The protective order which the court is entering is the one proposed by Plaintiff and which was submitted to the court at the November 3, 2005, hearing. The court had counsel examine this order at the November 16, 2005, hearing, and they confirmed that it was Plaintiff's proposed protective order.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, | ) | CASE NO. MC 05-128ML |
| Plaintiff, | ) | JUDGE MARY LISI |
| | ) | Magistrate Judge David L. Martin |
| v. | ) | |
| PARAGON DATA SYSTEMS, INC., | ) | [Related Case Pending in the United States District Court for the Northern District of Ohio Case No. 1:05-CV-01519 Judge Leslie Brooks Wells] |
| Defendant. | ) | |

**PROTECTIVE ORDER**

The Court, upon consideration of Plaintiff Automated Solutions Corporation's Request for Entry of Protective Order governing disclosure of confidential information in this case, finds the Motion well taken and, pursuant to Federal Rule of Civil Procedure 26(c), HEREBY ORDERS, ADJUDGES AND DECREES as follows:

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this proceeding:

1. "Confidential Information" means any type of information, document, or tangible object, including, but not limited to, photographs and videotape recordings, designated in good faith as confidential by the supplying party, whether it be a tangible thing, a document, information contained in a document, information revealed during a deposition or during an inspection of the facilities of the parties, information revealed in an interrogatory answer, or other discovery.

2. "Qualified Persons" means:

a. Attorneys and their law firms of record in this action and any associated outside counsel, and stenographic, clerical, or paralegal employees of those attorneys and counsel to whom it is necessary that information be disclosed for purposes of this action. Notwithstanding the foregoing, Qualified Persons do not include the parties' corporate, or inside, counsel.

b. Independent experts employed by a party or its attorneys of record in this action who agree in writing to be bound by the terms of the Protective Order. The independent expert must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A** attached hereto.

c. Officers or employees designated specifically by each party in good faith as necessary to receive designated information, and who agree, in writing, to be bound by the terms of this Protective Order. The officers or employees must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A**, attached hereto.

d. Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties or who, by agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must read this Protective Order, complete, and sign a Confidentiality Agreement in the general form of **Exhibit A**, attached hereto.

3. A copy of the signed Confidentiality Agreement must be delivered to the other parties at least seven (7) days before disclosure of any Confidential Information is made to the person signing the Confidentiality Agreement. During that seven-day period, if any party objects in writing to the disclosure of Confidential Information to the person or entity having signed the Confidentiality Agreement, no Confidential Information shall be disclosed to that person or entity until any and all such objections have been resolved in writing, by the parties or the Court.

4. Documents and things produced which contain Confidential Information shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows: "CONFIDENTIAL." Parties may also designate documents and things containing Confidential Information as "ATTORNEY EYES ONLY," "EXPERT EYES ONLY," and "SECURE" in addition to "CONFIDENTIAL."

5. In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

6. Any information designated as Confidential Information shall not be made available by the party receiving it to any persons or entities other than Qualified Person(s), except when disclosure is required by law or the information is otherwise available to the public or is disclosed by a third party who has a lawful right to disclose the same.

a. Information designated "ATTORNEY EYES ONLY" shall not be made available to any persons or entities, including Qualified Persons, except persons described in 2(a) above.

b. Information designated "EXPERT EYES ONLY" shall not be made available to any persons or entities, including Qualified Persons, except persons described in 2(a) and (b) above.

c. Information designated "SECURE" shall not be made available to any persons or entities, including Qualified Persons, except persons described in 2(a) and (b) above and shall not be copied by any person or entity except in a secure fashion in connection with note taking, personal observations, and for use at deposition or trial.

7. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party or its counsel for the purposes of this action may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony contains Confidential Information and is subject to the provisions

of this Order. Within ten (10) working days after receiving a hard copy of the deposition transcript, the testifying witness, or counsel for the party claiming confidentiality, may designate particular testimony as "CONFIDENTIAL" by notifying all parties in writing of the same, and thereafter, the parties shall treat such testimony as having been designated as Confidential Information. The parties shall maintain all deposition testimony as Confidential Information for at least the above-mentioned ten (10) day period for designating particular testimony as "CONFIDENTIAL."

8. A party designating information as "CONFIDENTIAL" has the affirmative obligation to do so in the good-faith belief that such information is entitled to protection from disclosure.

9. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court. The party seeking to protect information shall have the burden of proving the appropriateness of the level of protection sought. All parties shall continue to treat any information designated as "CONFIDENTIAL" consistent with the terms of this Protective Order pending a ruling on any challenge to such a designation and until such designation is altered or amended by Order of this Court or agreement of the parties.

10. The other party shall not use any information designated as "CONFIDENTIAL" for any purpose other than in connection with this action.

11. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "CONFIDENTIAL" consents, in writing, to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

12. If a party wishes to file with the Court any information or documents which the other party has designated as "CONFIDENTIAL," such materials or information shall be filed under seal in a sealed envelope that shall contain on the front of such envelope the caption of this case and a statement indicating that the filing is under seal pursuant to this Order. This paragraph shall not apply to the use of any confidential materials at trial, although either party may seek a further order of this Court with regard to such issues if appropriate.

13. Notwithstanding anything to the contrary contained in this Order, the obligations of secrecy, confidentiality, non-disclosure, and non-use on the part of either party shall not apply to information which:

a. Is already in the unrestricted and rightful possession of the non-designating party or in the public domain at the time of receipt; or

b. Becomes public knowledge after receipt through no fault of the non-designating party, the non-designating party's counsel, or any expert or consultant retained by the non-designating party; or

c. Is transmitted to the non-designating party by a third party having no obligation to the designating party.

14. Not later than thirty (30) days after the final termination of this action by this Court, the attorneys for each party shall obtain leave of Court if they wish to retain any documents stamped "CONFIDENTIAL" or that contain Confidential Information; otherwise, any documents containing

Confidential Information shall be destroyed, and the fact of their destruction shall be certified by affidavit of counsel within ten (10) days after their destruction.

15. Not later than one hundred and twenty (120) days after the conclusion of this action, including appeal, by entry of a final order, any originals or reproductions of any documents designated as "CONFIDENTIAL" shall be returned to the designating party, and certified by affidavit of counsel as complete, or destroyed by the receiving party, whichever the designating party so designates. In the event the designating party does not designate which it prefers, the documents shall be destroyed by the receiving party, and the fact of such destruction shall be certified by affidavit of counsel within ten (10) days after their destruction. The provisions of this Paragraph do not apply to one archival copy of pleadings, testimony transcripts, or exhibits, although any such documents retained must be kept confidential by counsel in perpetuity.

16. The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation shall not be an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

17. The inadvertent, unauthorized disclosure of Confidential Information in this lawsuit shall not be a waiver of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents.

18. In the event of an inadvertent, unauthorized disclosure of a party's Confidential Information, counsel for the party making the inadvertent disclosure shall, upon learning of the disclosure:

a. Promptly notify the person to whom the disclosure was made that it contains Confidential Information subject to the Protective Order;

b. Promptly make all reasonable efforts to obtain the return of and preclude dissemination of or use of the Confidential Information by the person to whom disclosure was inadvertently made; and

c. Within five (5) days, notify the designating party's counsel of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

19. This Stipulated Protective Order shall not prevent or prejudice any party from agreeing with the other party to a modification of this Stipulated Protective Order.

20. Nothing in the Protective Order shall be construed to restrict a party's use of its own Confidential Information.

21. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification of this Order.

22. The parties agree to abide and be bound by the terms of this Stipulation upon signature by the undersigned.

**APPROVED AND SO ORDERED** this 16th day of Nov, 2005.

David L. Martin

JUDGE: USMJ

COPIES SENT TO:

Drew A. Carson (0037641)
David A. Kunselman (0073980)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, Ohio 44114-1882

George E. Lieberman (#3860)
TILLINGHAST LICHT PERKINS
SMITH & COHEN, LLP
Ten Weybosset Street
Providence, Rhode Island 02903

***Counsel for Plaintiff***
***Automated Solutions Corporation***

James F. Koehler (0007904)
Timothy J. Fitzgerald (0012067)
George H. Carr (0069372)
GALLAGHER SHARP
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

***Counsel for Defendant***
***Paragon Data Systems, Inc.***

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUTOMATED SOLUTIONS CORPORATION, | ) | CASE NO. MC 05-128ML |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE MARY LISI |
| | ) | Magistrate Judge David L. Martin |
| v. | ) | |
| | ) | |
| PARAGON DATA SYSTEMS, INC., | ) | [Related Case Pending in the United States |
| | ) | District Court for the Northern District of Ohio |
| | ) | Case No. 1:05-CV-01519 |
| Defendant. | ) | Judge Leslie Brooks Wells] |

**CONFIDENTIALITY AGREEMENT**

I, ____________________ declare under penalty of perjury that:

1. My address is ______________________________ and the address of my present employer is ______________________________.

2. My present occupation or job description is ________________.

3. I have received a copy of the Stipulated Protective Order entered in this action.

4. I have read and understood the provisions of the Stipulated Protective Order and agree to be bound by them.

5. I agree that I will return all Confidential Information (as that term is defined in the Stipulated Protective Order) disclosed to me during the course of the proceedings to counsel for the party by whom I am retained upon the termination of the proceedings or the request of said counsel.

Dated:_______________

________________________________
(Signature)